UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OLIVIA BORNSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUSTEES OF BOSTON UNIVERSITY,<br><br>Defendants. | CIVIL ACTION NO: |

## NOTICE OF REMOVAL OF ACTION
## BY DEFENDANT TRUSTEES OF BOSTON UNIVERSITY

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), 1453, and 1711-1715, Defendant Trustees of Boston University (the "University" or "BU"), hereby removes to the United States District Court for the District of Massachusetts the above-captioned state court action, originally filed as Civil Action No. 2084-CV-00962 in the Superior Court of Suffolk County, Commonwealth of Massachusetts. Removal is proper on the following grounds:

### TIMELINESS OF REMOVAL

1.  On or about May 5, 2020, Plaintiff Olivia Bornstein ("Plaintiff") filed a Complaint against the University on behalf of a putative class in Suffolk Superior Court titled, *Olivia Bornstein, individually and on behalf of all others similarly situated v. Trustees of Boston University*, Civil Action No. 2084-CV-00962. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint, Civil Action Cover Sheet, and the Superior Court Docket Sheet are attached as **Exhibit A**.[1]

---

[1] The Complaint is dated May 4, 2020, but the Clerk's Office stamp is dated May 5, 2020.

2.      Plaintiff has not yet served the University with the Complaint. This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed no later than 30 days after service. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *Novak v. Bank of New York Mellon Trust Co., NA.*, 783 F.3d 910, 911-15 (1st Cir. 2015) ("service is generally not a prerequisite for removal and … a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends").

### SUMMARY OF PLAINTIFF'S ALLEGATIONS AND FACTS GIVING RISE TO JURISDICTION AND REMOVAL

3.      In her Complaint, Plaintiff alleges that the University's decision to transition to remote instruction in response to the "health emergency caused by the COVID-19 pandemic," which Plaintiff recognizes was "an unavoidable consequence," caused students to "suffer the loss of the full academic and extra-curricular on-campus college experience for which they enrolled at BU." *See* Complaint, ¶¶ 1-3.

4.      Plaintiff asserts claims for breach of contract (Count 1), unjust enrichment (Count 2), and conversion (Count 3), and claims that she and the putative class members are entitled to "[c]ompensatory, consequential, general, and punitive damages," as well as "[s]tatutory damages, treble damages," "[r]easonable attorneys' fees and costs, including expert fees" and "[p]rejudgment and post-judgment interest at the maximum legal rate." Compl., Demand for Relief.

5.      Plaintiff brings this action pursuant to Massachusetts Rule of Civil Procedure 23 on behalf of a proposed class of persons defined as:

> All undergraduate students who paid tuition for the Spring 2020 semester at the University for classes scheduled for in-person instruction who were denied that instruction for any part of the Spring 2020 semester, and all persons who paid

tuition on behalf of such students.

Compl. ¶ 23.

6. The University denies any liability as to Plaintiff's individual claims and as to the claims of the putative class members. The University expressly reserves all of its rights, including, but not limited to, its right to file motions challenging the pleadings. However, for purposes of meeting the jurisdictional requirements for removal *only*, the University submits on a good-faith basis that this action satisfies all requirements for federal jurisdiction under CAFA because, as set forth below: (1) there is "minimal" diversity (meaning that at least one plaintiff and one defendant are from different states); (2) the amount in controversy exceeds $5 million; and (3) the action involves at least 100 class members. 28 U.S.C. §§ 1332(d)(2) and (5)(B); *see Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009).

## SUBJECT MATTER JURISDICTION

### THIS CLASS ACTION IS REMOVABLE UNDER THE CLASS ACTION FAIRNESS ACT, 28 U.S.C. §§ 1332(d), 1453

7. This case is being removed subject to the provisions of the Class Action Fairness Act of 2005, codified at 28 U.S.C. §§ 1332(d), 1453 ("CAFA").

8. As set forth below, this Court has subject matter jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), because: (1) the citizenship of at least one putative class member is different from that of the University; (2) the aggregate amount placed in controversy by the claims of the plaintiffs and the proposed class members exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) the putative class action consists of at least 100 proposed class members.

### A. The Class Is at Least "Minimally" Diverse

9. As an initial matter, the "minimal diversity" required to support removal under

CAFA is likely satisfied by Plaintiff's allegation that she is a resident of California and that the University is a Massachusetts entity. Compl. ¶¶ 8-9.

10. However, even if Plaintiff is not a citizen of another state, the University has a good faith basis to believe, and on that basis avers, that the putative class includes undergraduate students who are citizens of other states. *See* **Exhibit B**, Declaration of Chris Paal ("Paal Decl."), ¶ 6.

### B. The Amount in Controversy Exceeds $5 Million

11. The University denies any liability in this case and intends to vigorously oppose class certification, and expressly reserves all of its rights to do so. However, solely for purposes of the jurisdictional requirements for removal, the University has a good faith basis to believe and on that basis avers, that there is a "reasonable probability" that (based on the allegations in Plaintiff's Complaint) the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See Amoche v. Guarantee Trust Life Ins. Co.*, 556 F.3d 41, 48-49 (1st Cir. 2009); 28 U.S.C. § 1332(d)(6) (claims of individual class members set forth in the Complaint are "aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000").

12. Taking the allegations in the Complaint as true solely for the purpose of this notice of removal, the University calculates with reasonable probability that the amount in controversy exceeds $5,000,000 as follows:

    a. In her Complaint, Plaintiff alleges that "BU charges $56,854 in annual tuition for a degree comprised of in-person classes, which averages to $1,777 per credit." Compl. ¶ 16 & n. 7 (noting that a BU undergraduate degree requires the completion of 128 credits).

b. Plaintiff further alleges that BU charges $480 per credit for online undergraduate instructions—*i.e.*, $1,297 less per credit for an undergraduate course when it is offered online. Compl ¶ 17 & n. 8.

c. A full-time undergraduate student is ordinarily enrolled in 16 credits per semester. Paal Decl., ¶ 7.

d. The difference in charges per semester for in-person and online undergraduate students is $20,752 ($1,297 x 16).

e. There were 66 days of instruction in the Spring 2020 Semester. Paal Decl., ¶ 8 & Exhibit 1 (2019-2020 Academic Calendar).

f. Of the 66 days, 33 were before Spring Break commenced at the end of the day on March 6, 2020. *See* Compl. ¶ 12; Paal Decl., ¶ 9 & Exhibit 1.

g. The other 33 days, or 50% of the semester, were after Spring Break ended and classes resumed on March 16, 2020. *See* Compl. ¶ 12; Paal Decl., ¶ 10 & Exhibit 1.

h. Using Plaintiff's calculation of the difference between the tuition charges for in-person and online instruction, she and each member of the putative class would be entitled to a refund of 50% of the difference between in-person and online instruction, or $10,376 ($20,752 ÷ 2).

i. There were approximately 16,312 full-time undergraduate students enrolled in the Spring 2020 semester. If each of these students paid tuition, and each was entitled to a refund of $10,376, the total amount in controversy, absent pre- and post-judgment interest, attorneys' fees and costs would be $169,253,312. (16,312 x $10,376).

13. Accordingly, the University has applied a "reasonable amount of intelligence" to its reading of Plaintiff's Complaint, *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 75 (1st Cir 2014) (quoting *Cutrone v. Mortgage Electronic Registration Systems, Inc.*, 749 F.3d 137, 143 (2d Cir. 2014)), and met its burden of establishing that the amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See Amoche*, 556 F.3d at 48-49.

### C. The Putative Class Contains More Than 100 Members

14. Plaintiff seeks to represent "all undergraduate students who paid tuition for the Spring 2020 semester at the University for classes scheduled for in-person instruction who were denied that instruction for any part of the Spring 2020 semester, and all persons who paid tuition on behalf of such students." Compl. ¶ 23. The University has a good faith basis to believe and on that basis avers, that the total number undergraduate students who paid tuition for the Spring 2020 semester and whose classes were transitioned to remote instruction in March 2020 plus the number of persons who paid tuition on behalf of these students is more than 100. Paal Decl., ¶ 5.

### D. Intradistrict Assignment

15. This Action is properly removed to the Court's Eastern (Boston) Division because Plaintiff originally filed her Complaint in Suffolk County Superior Court in Boston. *See* Local Rule 40.1(c)(1)

### E. The University Has Met Its Initial Burden for Removal

16. Because the University has met its "initial burden of establishing federal jurisdiction under § 1332(d)(2)," this case is removable. *See Manson*, 602 F. Supp. 2d at 293; *see* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the

United States for the district and division embracing the place where such action is pending.").

17. To seek remand, Plaintiff bears the burden of establishing any exception to CAFA jurisdiction.[2] The burden of proving the applicability of either the "home-state controversy" exception or the "local controversy" exception lies with the partyseeking remand. *McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158, 164–166 (D. Mass. 2007) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007)).

18. For the reasons set forth above, Plaintiff will not be able establish either the "local controversy" exception or the "home-state controversy" exception. 28 U.S.C. §§ 1332 (d)(4)(A) and (d)(4)(B).

## F.  Notice

17  A true and correct copy of this Notice of Removal will be filed with the clerk of the Superior Court of the Commonwealth of Massachusetts, Suffolk County, as required by 28 U.S.C. § 1446(d), and served upon counsel for the Plaintiff.

## **CONCLUSION**

WHEREFORE, Defendant Trustees of Boston University submits that this action properly is removable to the United States District Court for the District of Massachusetts. The University also requests all other relief, at law or in equity, to which it justly is entitled.

---

[2] Should Plaintiff seek to remand this case to Massachusetts state court, the University respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, the University respectfully requests that the Court retain jurisdiction and allow the University to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted,

TRUSTEES OF BOSTON UNIVERSITY,
By its attorneys,

/s/ Lisa A. Tenerowicz
Lisa A. Tenerowicz (BBO #654188)
latenero@bu.edu
Christine S. Collins (BBO# 639293)
cscoll@bu.edu
Boston University
Office of the General Counsel
125 Bay State Road
Boston, Massachusetts  02215
617-353-2326

Dated: June 11, 2020

## CERTIFICATE OF SERVICE

    I hereby certify that on June 11, 2020, a true copy of this Notice of Removal of Defendant Trustees of Boston University was filed through the Court's ECF system, which sent notification to all counsel of record. In addition, I sent a true copy of this Notice of Removal, to Conor B. McDonough, Hecht Partners, LLP, counsel for the Plaintiff, by email (cmcdonough@hechtpartners.com).

/s/ Lisa A. Tenerowicz
Lisa A. Tenerowicz